7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Clyde STARNES, Defendant-Appellant.
 No. 92-2258.
 United States Court of Appeals, Tenth Circuit.
 Oct. 5, 1993.
 
 Before LOGAN, GARTH[2] and SEYMOUR, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant David Starnes appeals his conviction and sentence for conspiracy to manufacture marijuana, in violation of 21 U.S.C. 841(b)(1)(C) and 846, and for possession or use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. 2 and 924(c)(1).
 
 
 3
 Defendant was arrested following a search of his home revealing seventy-four or seventy-five marijuana plants, several guns, a substance that tested positively for methamphetamine, and additional drug paraphernalia. Following the district court's denial of defendant's motion to suppress the fruits of the search, defendant pleaded guilty to the two counts in question and was sentenced to fifty-one months imprisonment for the marijuana charge, and to the mandatory minimum of five years imprisonment for the weapons charge, to be served consecutively. Defendant argues on appeal that the district court erred in denying his motion to suppress, and in calculating his sentence under the sentencing guidelines.
 
 
 4
 Defendant is precluded from contesting the district court's ruling on his motion to suppress. By pleading guilty unconditionally, defendant waived further review of the trial court's adverse evidentiary ruling. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Although we review the written terms of a plea agreement de novo to determine whether or not it constitutes a conditional plea and which motions, if any, have been specified for review on appeal, see United States v. Ryan, 894 F.2d 355, 360-61 (10th Cir.1990), the plea agreement here cannot be read to preserve any right to appeal the denial of defendant's motion to suppress.
 
 
 5
 We also reject defendant's argument regarding his sentence. There are no grounds to dispute the district court's determination of defendant's offense level. The district court imposed the lowest sentence possible under the sentencing guidelines. Although the district court possibly could have found a basis for departing from the guidelines, 18 U.S.C. 3553(b), that decision is committed to the discretion of the district court and its failure to depart is not subject to our review. United States v. Fox, 943 F.2d 1218 (10th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 [2]
 The Honorable Leonard I. Garth, Senior United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3